UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 3:06-CR-153 |
| ) | (JORDAN/GUYTON) |
| BILLY FLOYD LEASURE and ) | |
| ANGELO HANDLEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on the defendant's Motion To Continue [Doc. 19], filed on March 5, 2007. Tracee Plowell, Assistant United States Attorney, was present for the government. Attorney Donny Young was present for the defendant, Angelo Handley. Attorney Boyd Venable was present for the defendant, Billy Leasure. The defendant Leasure was present. The defendant Handley was not present.

In his motion [Doc. 19], the defendant Handley asks the Court to continue the trial date in order that he might effectively prepare for trial or seek a negotiated settlement. Counsel for Handley was appointed to the case on February 28, 2007 and has not had a reasonable amount of time to prepare this matter.

The government stated that it does not oppose the defendant's motion to continue. The defendant Handley is in custody. Handley's counsel represented to the Court that Handley wanted the continuance and understood that he would remain in custody pending the new trial date.

The defendant Leasure did not object to the motion. All counsel agreed that the reasons for the continuance support an ends of justice continuance and that more time is needed, making it unreasonable to expect preparation for trial to occur within the time limits set by the Speedy Trial Act.

The Court finds that the defendant's Motion To Continue [Doc. 19] is well taken, and it is **GRANTED**. The trial of this case was set for March 29, 2007. Counsel for both parties agreed and the Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that it would not be reasonable to expect the defendants to effectively prepare for trial within the time limits given by the Speedy Trial Act, even taking into account counsel's due diligence. See 18 U.S.C. § 3161(h)(8)(B)(ii). The Court also finds that the failure to grant a continuance in this case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(ii). In light of these findings and its granting of the motion, the Court sets a new trial date of **July 16, 2007**. The Court further finds that the period of time between the prior trial date of March 16, 2007 and the new trial date of July 16, 2007, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B). The government and defense counsel agreed that the continuance was necessary, and the defendant Handley agreed to his counsel's request for a continuance of the trial.

Accordingly it is **ORDERED:**

1. The Motion To Continue [Doc. 19] is **GRANTED;**

2. The trial is reset to commence on **July 16, 2007 at 9:00 a.m.** before the Honorable Leon Jordan, United States District Judge;

3. All time between **March 16, 2007** and the new trial date of **July 16, 2007** shall be fully excludable under the Speedy Trial Act for the reasons stated herein; and

4. A pretrial conference is scheduled for **July 6, 2007 at 9:30 a.m.** before the undersigned.

**IT IS SO ORDERED.**

          ENTER:


              <u>s/ H. Bruce Guyton</u>
            United States Magistrate Judge